UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSSIE, 64105-050,<br>Plaintiff,<br>v.<br>STEVEN MNUCHIN, et al.,<br>Defendant(s). | Case No. 20-cv-09396-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 6) |

### I.

Plaintiff Anthony Bussie, a civilly committed patient at the Federal Medical Center in Butner, North Carolina, and frequent litigant in the federal courts,[1] has filed a pro se complaint against Steve Mnuchin, former Secretary of the United States Treasury, and Chuck Retting, United States Commissioner of Internal Revenue (head of the Internal Revenue Service (IRS)). The complaint consists of a short series of disjointed and largely unintelligible allegations ranging from bank mismanagement to terrorism and election fraud. More specifically, plaintiff alleges that he "contracted in bad faith with the defendants Mnuchin and Rettig to have an unreachable spending and banking" and urges that the department of justice is not doing enough to prosecute and convict 9/11 terrorists and prevent election fraud. Compl. (ECF No. 5) at 3.

Plaintiff seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

### II.

Section 1915(e)(2) provides that the court "shall dismiss" any case brought IFP "if the court determines" that "the allegation of poverty is untrue," or that the action or appeal "is frivolous or malicious," "fails to state a claim upon which relief may be granted[,] or seeks monetary relief from a defendant who is immune from such relief." Section 1915(e)(2) is not limited to prisoners. Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001). It applies to all litigants proceeding IFP. Id.

---

[1] PACER, the national database of federal court records, shows that plaintiff has filed more than 200 federal actions throughout the federal courts.

An action is frivolous if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action lacks an arguable basis in law if it is premised on an indisputably meritless legal theory. See id. at 327. It also lacks an arguable basis in law if it is incomprehensible or unintelligible. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989). An action lacks an arguable basis in fact if the plaintiff's allegations are so "fanciful," "fantastic" and "delusional" as to be "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

An action that repeats pending or previously litigated claims may be considered malicious and dismissed under § 1915. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

Plaintiff's instant IFP action against former secretary Mnuchin and commissioner Rettig will be dismissed as both frivolous and malicious because plaintiff has brought the gist of the allegations and claims herein in prior federal court actions, see, e.g., Bussie v. Mnuchin, No. 20-cv-00102-DCR (E.D. Ky. Aug. 20, 2020) (order of dismissal); Bussie v. Mnuchin, No. 19-hc-02091-BO (E.D.N.C. Mar. 26, 2019) (order of dismissal), and, like the courts that reviewed those actions, this court finds that plaintiff's action lacks an arguable basis in fact or law, see, e.g., Bussie v. Mnuchin, No. 20-cv-00102-DCR, slip op. at 2 (finding action "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"); Bussie v. Mnuchin, No. 19-hc-02091-BO, slip op. at 3 (finding "no factual basis for his fanciful claims, aside from conclusory assertions").

### III.

Based solely on plaintiff's affidavit of poverty, his application for leave to proceed IFP (ECF No. 6) is GRANTED. But for the reasons set forth above, plaintiff's IFP action is DISMISSED as frivolous and malicious under 28 U.S.C. § 1915(e)(2).

The clerk is instructed to terminate the action and close the file.

**IT IS SO ORDERED**.

Dated: February 22, 2021

_____
CHARLES R. BREYER
United States District Judge